IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ARTHUR RODGERS,<br>        Plaintiff | * |
| | *    CIVIL ACTION NO. CCB-14-2870 |
| V. | * |
| FRANK BISHOP, et al., | |
| | * |
|         Defendants | |
| | ****** |

MEMORANDUM

Pending is a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment, filed on behalf of defendants Warden Frank Bishop, former Warden Bobby Shearin and Deputy Secretary of Operations Randy Watson.[1] ECF 18. Plaintiff Arthur Rodgers has not responded.[2] Upon review of papers and exhibits filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, the dispositive motion will be granted.

---

[1] Defendant Green has not been served with the complaint. Although named in the caption of the complaint, Rodgers abandoned his claim against her in the body of the complaint, stating, "After seeking advice from a prisoner's advocacy attorney I relinquish any claims against Lynnea Green." ECF 1, p. 8. Rodgers' complaint against Green shall be dismissed.

[2] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on March 6, 2015, Rodgers was notified that defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF 19. He was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.*

   Rodgers filed a motion to amend complaint (ECF 20) indicating that he disagreed with affidavits attached to defendants' dispositive motion but did not specify how he intended to amend his complaint. As such, the motion was denied without prejudice. ECF 23. (Due to a typographical error in the Order, the motion to amend (ECF 20) was not terminated on the docket. The order accompanying this memorandum will correct the error.) Rodgers also sought an extension of time to respond to the dispositive motion. ECF 21 & 22. Rodgers was granted to and including July 1, 2015, to file his response (ECF 23), but has filed nothing further.

1

Background

On September 9, 2014, Rodgers, who is incarcerated at the North Branch Correctional Institution ("NBCI"), filed a self-represented complaint alleging that legal mail he submitted to correctional staff on November 3, 2013, was not properly handled. ECF 1, p. 3, ECF 1-1, p. 16. Specifically, Rodgers alleges he submitted a response to a dispositive motion to be filed in the Circuit Court for Allegany County and an amended complaint to be filed in this court. ECF 1, p. 3. Rodgers states that on November 8, 2013, he was advised by Mary Jane Rose, the NBCI Mailroom Supervisor, that the legal mail was received in the prison mailroom. Because Rodgers was indigent, a record of his mailings was maintained. *Id*., p. 4. Rodgers states that this court did not receive his amended complaint, and his complaint was ultimately dismissed without prejudice. *Id*.; ECF 1-1, pp. 32-33.[3] Additionally, Rodgers states that his state court case was dismissed because his opposition to the dispositive motion was not received.[4] ECF 1, p. 4; ECF 1-1, p. 34.

Rodgers states that Wardens Shearin and Bishop had a duty to enforce the applicable laws and regulations regarding his outgoing legal mail. ECF 1, pp. 5-6. He claims that the problem of prisoner grievances and court filings not reaching their destination is longstanding and pervasive. *Id*. He claims that Shearin and Bishop were both notified that mail was being tampered with by staff and that Shearin and Bishop tacitly approved of the tampering. *Id*.

Rodgers alleges that Randy Watson, Assistant Commissioner and Deputy Secretary of Operations, Program and Services, also failed to acknowledge evidence of the mail tampering. *Id*., pp. 6-7. Rodgers indicates that he provided to Watson a copy of this court's order directing

---

[3] The case Rodgers refers to is Civil No. CCB-13-2902.
[4] In Rodgers' Circuit Court case, Case No. 01-C-13-039537, his petition for mandamus was dismissed "upon consideration of Warden Bobby's Shearin's Motion to Dismiss, and the lack of response thereto." ECF 1-1, p. 34. There is no evidence that plaintiff was entitled to the mandamus relief he sought.

him to supplement his complaint, as well as the mailroom response regarding his mailings, and his administrative remedy procedure ("ARP") appeal regarding the matter (NBCI-4073-13). *Id.* Rodgers alleges that Watson tacitly approved the mail tampering by refusing to acknowledge what Rodgers' claims demonstrated: obvious problems at NBCI regarding handling of the mail. *Id.*, p. 7.

Defendants indicate that supervisory officials do not handle the receipt, delivery or inspection of inmate mail as it arrives or leaves NBCI. ECF 18-2 ¶ 5. Should an inmate desire to track the delivery of his mail, he may mail the item certified. *Id.* ¶ 6.

Defendants note that Rodgers filed three grievances regarding mail issues since January 1, 2014. ECF 18-3 ¶ 3. Rodgers' first grievance, filed with the IGO, appealed the disposition of ARP-NBCI-4073-13, claiming that staff interfered with his outgoing legal mail addressed to the Circuit Court for Allegany County and the U.S. District Court. That grievance was dismissed on June 6, 2014, as Rogers failed to properly exhaust his administrative remedies prior to filing the grievance with the IGO. *Id.*, ¶3(a).

Rodgers' second grievance, filed on February 24, 2014, complained that mail given to NBCI staff to send out was not properly mailed to this court. *Id.*, ¶3(b). Although the matter was referred to the Office of Administrative Hearings, it does not appear that a decision had been reached prior to the institution of this case or the filing of defendants' dispositive motion. *Id.*

Rodgers' third grievance, filed on April 28, 2014, alleged mail he submitted to the courts had not reached its destination on multiple occasions. *Id.*, ¶3(c). That matter also was referred to the Office of Administrative Hearings and was scheduled for a hearing at the time defendants' dispositive motion was filed. *Id.*

Standard of Review

A.     Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* A complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id*. 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

B.     Motion for Summary Judgment

Summary judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

Analysis

A. Exhaustion

Defendants raise the affirmative defense of non-exhaustion and assert Rodgers' claims that have not been properly presented through the administrative remedy procedure must be dismissed pursuant to 42 U.S.C. §1997e. ECF 18-1, p. 13-14. The Prisoner Litigation Reform

Act provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Rogers is subject to the strict requirements of the exhaustion provisions, and it does not matter that he alleges injury caused by a single incident, as opposed to general conditions of confinement. *See Porter v. Nussle*, 534 U.S. 516, 526–28 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even when the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Administrative remedies must, however, be available to the prisoner and this court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies in accordance with the applicable procedural rules, so that prison officials have been given an opportunity to address the claims administratively. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond.

*Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (internal quotation marks and citations omitted).

Thus, plaintiff's claims must be dismissed if defendants raise the affirmative defense and also prove that plaintiff has failed to exhaust available remedies. *See Jones*, 549 U.S. at 216–17 (failure to exhaust is an affirmative defense and inmates are not required to demonstrate exhaustion in their complaints). The PLRA's exhaustion requirement is designed so that prisoners "pursue administrative grievances until they receive a final denial of their claim[s], appealing through all available stages in the administrative process." *Chase v. Peay*, 286 F. Supp. 2d 523, 530 (D. Md. 2003); *Booth*, 532 U.S. at 735 (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or final administrative review after the prison authority denied relief").

Three purposes underlie the PLRA's exhaustion requirement: "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones*, 549 U.S. at 219.

Here, Rodgers filed three appeals to the IGO. The first was dismissed as Rodgers had failed to properly exhaust his administrative remedies at the institutional level. The second and third were referred for an administrative hearing but the hearings and decisions had not been completed prior to Rodgers' filing the instant case. As Rodgers failed to exhaust his administrative remedies prior to the institution of this complaint, the complaint is subject to dismissal for failure to fully exhaust available administrative remedies.

B.   Constitutional Claim

Even if the court found that Rodgers had exhausted available remedies, plaintiff's claim, as it relates to his legal filings in Rodgers v. Shearin, Civil No. CCB-13-2902 (2013), is

nevertheless subject to dismissal. Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However:

> The tools [*Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996). "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) (quoting *Lewis*, 518 U.S. at 356).

Prisoner claims regarding legal mail are typically analyzed as access to court claims. To state a claim based on delay or non-delivery of legal mail, a prisoner must allege an adverse consequence, such as the loss or rejection of an actionable claim, or the prevention of such a claim from being presented to the court. *See Lewis*, 518 U.S. at 356.

Rodgers' claims of injury arising out of the mishandling of his outgoing legal mail in CCB-13-2902 are not persuasive as that case was dismissed without prejudice. He is free to refile the claim. The other matter, CCB-12-3778, referenced in correspondence from his 2013 case (ECF 5) remains open and, as the docket sheet shows, is being fully litigated. Numerous filings from Rodgers have been received by the court in that case.

Conclusion

For the reasons stated, defendants' dispositive motion shall be granted. A separate order shall be entered in accordance with this memorandum.


Date:     2/16/16                                              /S/
                                                     Catherine C. Blake
                                                     United States District Judge